IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD D. DAVIS, III,

      Plaintiff,                    No. CIV S-11-1242 KJM DAD PS

    vs.

FOLSOM CORDOVA UNIFIED      <u>ORDER</u>
SCHOOL DISTRICT, et al.,

      Defendants.
_____/

          This matter came before the court on August 26, 2011, for hearing of defendants' motion to dismiss plaintiff's amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff Richard Davis, who is proceeding pro se in this action, appeared on his own behalf. Attorney Lynn Garcia appeared on behalf of defendants. Oral argument was heard, and defendants' motion was taken under submission.

          Upon consideration of the briefing on file, the parties' arguments at the hearing, and the entire file, the court will grant defendants' motion to dismiss. However, in light of the plaintiff's pro se status and for the reasons set forth below, the court will also grant plaintiff leave to amend his complaint to attempt to state a cognizable claim.

/////

BACKGROUND

Plaintiff commenced this action on May 9, 2011, by paying the required filing fee and filing his original complaint. (Doc. No. 1.)  On June 3, 2011, before a responsive pleading had been filed, plaintiff filed an amended complaint. (Am. Compl. (Doc. No. 8.))  Therein, plaintiff alleges that defendant Folsom Cordova Unified School District, ("District"), and twelve individuals employed by the District, who are also named as defendants, discriminated and retaliated against plaintiff and his daughter with respect to his daughter's participation as a cheerleader at Vista del Lago High School.[1]  The amended complaint alleges causes of action for retaliation under Title IX, violation of the Equal Protection Clause and Due Process Clauses of the Fourteenth Amendment and a First Amendment retaliation claim.  (Id. at 1-2.[2])

On June 27, 2011, counsel for defendants filed the motion to dismiss now pending before the court.  (MTD (Doc. No. 18.))  Plaintiff filed his opposition on July 19, 2011, (Pl.'s Opp'n (Doc. No. 20)), and defendants filed a reply on August 19, 2011.  (Reply (Doc. No. 25.))

LEGAL STANDARDS APPLICABLE TO DEFENDANT'S MOTION

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint.  North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  See also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).  Thus, the court may dismiss a complaint or any claim within it as frivolous where the claim is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke v. Williams, 490 U.S. 319, 327

---

[1] Plaintiff's daughter, who it appears has reached the age of majority, is not a party to this action.  See (Dagnall Decl. (Doc. No. 18-3) at 7.)

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

(1989).  The critical inquiry is whether a claim, even if inartfully pleaded, has an arguable legal and factual basis.  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin v. Murphy, 745 F.2d 1221, 1227 (9th Cir. 1984).  As the Supreme Court has explained, in order to state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In determining whether a complaint states a claim, the court accepts as true the material allegations in the complaint and construes those allegations, as well as the reasonable inferences that may be drawn from them, in the light most favorable to the plaintiff.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  For purposes of a motion to dismiss, the court also resolves doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court may disregard allegations in the complaint that are contradicted by facts established by exhibits attached to the complaint.  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  In addition, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

## ANALYSIS

I.  Rule 8

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

/////

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S. 662, ---, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649. A complaint must also contain "a short and plain statement of the grounds for the court's jurisdiction" and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(1) & 8(a)(3).

Here, plaintiff's amended complaint does not allege facts that state the elements of his claims plainly or succinctly. Instead, the amended complaint summarily sets forth the alleged causes of action and the identities of the named defendants in the first few pages, with the remaining forty-five pages consisting of plaintiff's detailed recounting of the parties' history. In this regard, counsel for defendants correctly states that:

> the text of the Amended Complaint is not separated by claims, but rather consists almost solely of a chronological recitation of both events that plaintiff contends are relevant, and his opinions of those events. Thus, it is virtually impossible to determine which "facts" are intended to support which claims.

(MTD (Doc. No. 18-1) at 2.)

With respect to the specific causes of action alleged, plaintiff's amended complaint alleges a First Amendment retaliation claim. "To establish a First Amendment retaliation claim . . . a plaintiff must show that: (1) he was engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity, and (3) the protected activity was a substantial or motivating

factor in the defendant's conduct." Corales v. Bennett, 567 F.3d 554, 563 (9th Cir. 2009) (quoting Pinard v. Clatskanie School Dist. 6J, 467 F.3d 755, 770 (9th Cir. 2006)). Plaintiff's amended complaint fails to allege the required elements of a First Amendment retaliation claim plainly or succinctly.

Plaintiff's amended complaint also attempts to state a claim pursuant to the Equal Protection Clause. The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. First, such a claim may be established by alleging facts showing that the defendant has intentionally discriminated on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001). Alternatively, an equal protection claim may arise where similarly situated individuals are intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). Plaintiff's amended complaint fails to allege the elements of an equal protection claim plainly or succinctly.

Finally, plaintiff's amended complaint also alleges a Due Process claim.[3] Such a claim may be based upon substantive or procedural Due Process. To state a substantive Due Process claim, plaintiff must allege "a state actor deprived [him] of a constitutionally protected life, liberty, or property interest." Shanks v. Dressel, 540 F.3d 1082, 1087 (9th Cir. 2008). To put it another way, the concept of substantive Due Process, "forbids the government from depriving a person of life, liberty, or property in such a way that 'shocks the conscience' or 'interferes with rights implicit in the concept of ordered liberty.'" Nunez v. City of Los Angeles, 147 F.3d 867, 871 (9th Cir. 1998) (quoting Rochin v. California, 342 U.S. 165, 172 (1952)). To state a claim for violation of procedural Due Process, plaintiff must allege: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural

---

[3] Plaintiff's Title IX retaliation claim is addressed below.

5

1 protections.  Kildare v. Saenz, 325 F.3d 1078, 1085 (9th Cir. 2003).  Again, while plaintiff's
2 amended complaint refers in passing to a Due Process claim, it does not allege the elements of
3 either a procedural or substantive a due process claim plainly or succinctly.

II.   42 U.S.C. § 1983

A litigant who complains of a violation of a constitutional right does not have a cause of action directly under the United States Constitution.  Livadas v. Bradshaw, 512 U.S. 107, 132 (1994) (affirming that it is 42 U.S.C. § 1983 that provides a federal cause of action for the deprivation of rights secured by the United States Constitution); Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617 (1979) (explaining that 42 U.S.C. § 1983 was enacted to create a private cause of action for violations of the United States Constitution); Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause of action directly under the United States Constitution.").

Title 42 U.S.C. § 1983 provides that,

> [e]very person who, under color of [state law] ... subjects, or causes
> to be subjected, any citizen of the United States ... to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an
> action at law, suit in equity, or other proper proceeding for redress.

The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Dep't of Soc. Servs. City of New York, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In this regard, the court notes that although plaintiff has named thirteen defendants in his amended complaint, many of these defendants are referred to only in passing.  In order to state a cognizable claim under § 1983 the plaintiff must allege facts demonstrating that he was

6

deprived of a right secured by the Constitution or laws of the United States and that the deprivation was caused by an individual acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).  It is the plaintiff's burden in bringing a claim under § 1983 to allege, and ultimately establish, that each of the named defendants were acting under color of state law when they deprived him of a federal right. Lee v. Katz, 276 F.3d 550, 553-54 (9th Cir. 2002).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

The court also notes that plaintiff has named as a defendant the Folsom Cordova Unified School District which is an agent of the State of California and is therefore enjoys Eleventh Amendment immunity from § 1983 claims. See Corales, 567 F.3d at 573; Belanger v. Madera Unified Sch. Dist., 963 F.2d 248, 254 (9th Cir. 1992).

In general, the Eleventh Amendment bars suits against a state, absent the state's affirmative waiver of its immunity or congressional abrogation of that immunity. Pennhurst v. Halderman, 465 U.S. 89, 98-99 (1984); Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003); Yakama Indian Nation v. State of Wash. Dep't of Revenue, 176 F.3d 1241, 1245 (9th Cir. 1999); see also Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ., 616 F.3d 963, 967 (9th Cir. 2010) ("The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state.").

To be a valid waiver of sovereign immunity, a state's consent to suit must be "unequivocally expressed in the statutory text." Lane v. Pena, 518 U.S. 187, 192 (1996).  See also Pennhurst, 465 U.S. at 99; Yakama Indian Nation, 176 F.3d at 1245.  "[T]here can be no

consent by implication or by use of ambiguous language." United States v. N.Y. Rayon Importing Co., 329 U.S. 654, 659 (1947). Courts must "indulge every reasonable presumption against waiver," Coll. Sav. Bank v. Florida Prepaid, 527 U.S. 666, 682 (1999), and waivers "must be construed strictly in favor of the sovereign and not enlarged beyond what the [statutory] language requires." United States v. Nordic Village, Inc., 503 U.S. 30, 34 (1992) (citations, ellipses, and internal quotation marks omitted). "To sustain a claim that the Government is liable for awards of monetary damages, the waiver of sovereign immunity must extend unambiguously to such monetary claims." Lane, 518 U.S. at 192.

The Ninth Circuit has recognized that "[t]he State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity." Brown v. California Dept. of Corrections, 554 F.3d 747, 752 (9th Cir. 2009) (quoting Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999)).

Plaintiff has also named as defendants members of the Folsom Cordova Unified School District Board of Education, who plaintiff is suing in their official capacity. The Eleventh Amendment also bars federal suits, whether seeking damages or injunctive relief, against state officials where the state is the real party in interest. Pennhurst, 465 U.S. at 101-02. "Eleventh Amendment immunity also shields state officials from official capacity suits." Krainski, 616 F.3d at 967. See also Jones v. Beverly Hills Unified School Dist., No. WD CV 08-7201-JFW (PJW), 2010 WL 1222016, at *3 (C.D. Cal. Mar. 24, 2010) ("Plaintiff cannot bring a § 1983 action against the School District or the school board members in their official capacity because they are immune from suit under the Eleventh Amendment.").

III. Title IX

Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving federal financial assistance." 20 U.S.C. §

1681(a).  This means that schools that receive federal funds are required to provide equal opportunity for boy and girl athletes.  34 C.F.R. § 106.41(c).  There are two components to Title IX's equal opportunity requirement: "effective accommodation" and "equal treatment."[4]  42 C.F.R. § 106.41(c)(1), (2)-(10); Mansourian v. Regents of Univ. Of Cal., 602 F.3d 957, 965 (9th Cir. 2010).  "Effective accommodation claims thus concern the opportunity to participate in athletics, while equal treatment claims allege sex-based differences in the schedules, equipment, coaching, and other factors affecting participants in athletics."  Mansourian, 602 F.3d at 965.

Title IX's equal athletic opportunity requirement is enforceable through an implied right of action.  Id. at 964 n.6.  See also Cannon v. Univ. of Chi., 441 U.S. 677, 717 (1979).  That right, however, does not inure to anyone outside the class of persons Title IX was intended to protect.  See Cannon, 441 U.S. at 689 (explaining that the class of people Congress intended to benefit under Title IX is "persons discriminated against on the basis of sex").  Accordingly, plaintiff does not have a right to pursue an effective accommodation or an equal treatment claim under Title IX on behalf of his daughter.  See Rowinsky v. Bryan Ind. Sch. Dist., 80 F.3d 1006, 1010 (5th Cir. 1996) (concluding parent did not have standing to assert a personal claim under Title IX), disapproved on other grounds by Davis Next Friend Lashonda D. v. Monroe County Bd. of Educ., 526 U.S. 629, 637-38 (1999); Jones v. Beverly Hills Unified School Dist., No. WD CV 08-7201-JFW (PJW), 2010 WL 1222016, at *2 (C.D. Cal. Mar. 24, 2010) (concluding a female student had the right to pursue Title IX equal treatment claim but her parent did not); Doe v. Univ. of the S., 687 F. Supp.2d 744, 758-59 (E.D. Tenn. 2009) (concluding parents lack standing to assert a Title IX claim because their child "attained the age of majority"); Seiwert v. Spencer-Owen Cmty. Sch. Corp., 497 F. Supp.2d 942, 954 (S.D. Ind.

---

[4] The Court defers to the U.S. Department of Education's regulations governing the implementation of Title IX.  See Chevron U.S.A., Inc. v. Natural Res. Def. Council, 467 U.S. 837, 843-44 (1984); Mansourian v. Regents of Univ. Of Cal., 602 F.3d 957, 965 n.9 (9th Cir. 2010; Cohen v. Brown Univ., 991 F.2d 888, 895 (1st Cir. 1993) ("The degree of deference is particularly high in Title IX cases because Congress explicitly delegated to the agency the task of prescribing standards for athletic programs under Title IX.").

2007) ("[I]t is apparent from the language of Title IX that a parent lacks standing to bring a cause of action in their individual capacity based on Title IX.").

Title IX, however, also permits a private right of action that "encompasses suits for retaliation because retaliation falls within the statute's prohibition of intentional discrimination on the basis of sex." Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 178 (2005). Specifically, the Supreme Court has held that "[r]etaliation against a person because that person has complained of sex discrimination is another form of intentional sex discrimination encompassed by Title IX's private cause of action. Retaliation is, by definition, an intentional act. It is a form of 'discrimination' because the complainant is being subject to differential treatment." Jackson, 544 U.S. at 173. To prevail on the merits of such a retaliation claim, a plaintiff must allege and prove that *he was retaliated against* because he complained of sex discrimination. Id. at 184 (emphasis added).

Unlike the case with respect to an equal treatment claim, it is conceivable that plaintiff could, possibly, bring a retaliation claim under Title IX even though he was not a member of the protected class. This is so because the victim of retaliation in violation of Title IX does not have to be a member of the class.[5] See Jackson, 544 U.S. at 179 (holding that a girls' high school basketball coach who was fired for complaining that the girls' team was not treated as well as boys' team had standing to bring retaliation claim under Title IX because he had allegedly suffered the impact of retaliation); see also Potera-Haskins v. Gamble, 519 F. Supp.2d 1110, 1117-18 (D. Mont. 2007) ("It is not required that a victim of retaliation for complaining about discrimination be the subject of the original complaint; that is, a reliable claim can arise if

---

[5] Such a claim could not, however, be brought against the individual defendants because "Title IX reaches institutions and programs that receive federal funds . . . [and] has consistently been interpreted as not authorizing suit against school officials, teachers, and other individuals." Fitzgerald v. Barnstable Sch. Comm., 555 U.S. 246, 257 (2009) (citing Hartley v. Parnell, 193 F.3d 1263, 1270 (11th Cir. 1999)). See also Power ex rel. Power v. Gilbert Public Schools, No. CV 07-2584-PHX-JAT, 2009 WL 5185297, at *3 (D. Ariz. Dec. 22, 2009) ("Title IX allows for a private right of action against federal fund recipients, i.e., school districts, for gender discrimination in education, but not against school officials, teachers, and other individuals.").

one complains about the discriminatory treatment of others, and is retaliated against as a result."); Rosenberg v. City of New York, No. 09-CV-4016 (CBA) (LB), 2011 WL 4592803, at *6 (E.D. N.Y. Sept. 30, 2011) ("[P]laintiff here could properly pursue a cause of action alleging that she was retaliated against for complaining about the harassment of students by an employee of the Department of Education."); Jones v. Beverly Hills Unified School Dist., No. WD CV 08-7201-JFW (PJW), 2010 WL 1222016, at *4 (C.D. Cal. Mar. 24, 2010) (a parent "could conceivably bring a retaliation claim under Title IX even though she was not a member of the protected class"); Berdy v. Wayne State University, No. 05-70691, 2006 WL 2583251, at *4 (E.D. Mich. Sept. 7, 2006) ("Therefore, Title IX protection extends to those who complain about discrimination against others.").

As one judge of this court has observed:

> However, in permitting claims for retaliation under Title IX, the Supreme Court has neglected to provide a scheme by which such claims may be analyzed. Most courts, following the lead of the Supreme Court in turning to Title VII jurisprudence generally for Title IX cases, have adopted the Title VII framework for Title IX retaliation cases. Under Title VII jurisprudence, a plaintiff must first establish a prima facie case of retaliation, which involves a three-prong test showing that: (1) the plaintiff engaged in protected speech; (2) the plaintiff experienced a materially adverse action either after or contemporaneously with the protected activity; and (3) there was a causal link between the protected activity and adverse action.

Doe v. University of the Pacific, No. CIV. S-09-764 FCD/KJN, 2010 WL 5135360, at *16 (E.D. Cal. Dec. 8, 2010) (citing Atkinson v. LaFayette College, 653 F. Supp.2d 581, 594 (E.D. Pa. 2009) and Burch v. University of Cal. Davis, 433 F. Supp.2d 1110, 1125 (E.D. Cal. 2006)).

/////
/////
/////
/////
/////

However, for the reasons already set forth above, plaintiff's amended complaint fails to allege the elements of a claim of retaliation under Title IX plainly or succinctly.[6]

IV. Leave to Amend

The undersigned has carefully considered whether plaintiff may further amend his complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972). See also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Here, the court cannot say that it is now beyond doubt that leave to amend would be futile. Plaintiff's amended complaint will therefore be dismissed, and he will be granted leave to file a second amended complaint. Plaintiff is cautioned however that, if he elects to file a second amended complaint, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal,

---

[6] As noted at the outset, plaintiff's amended complaint summarily lists his causes of action and the named defendants followed by forty-five pages of plaintiff's detailed recounting of his version of the history between the parties while failing to allege any facts in support of any particular claims.

556 U.S.662, ---, 129 S. Ct. 1937, 1949 (2009).  "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations."  Id. at 1950.  Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]"  Id. at 1951 (quoting Twombly, 550 U.S. at 557).

Plaintiff is also instructed that the court cannot refer to a prior pleading in order to make an amended complaint complete.  Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings.  Any second amended complaint will supersede the both the original and the amended complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in a second amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged.  Plaintiff's second amended complaint must include concise but complete factual allegations describing the conduct and events which underlie his claims.  Finally, if plaintiff elects to file a second amended complaint in an attempt to cure the deficiencies noted above, he should take heed of the court's analysis in this order and neither include causes of action nor name defendants in a manner inconsistent with that analysis.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' June 27, 2011 motion to dismiss (Doc. No. 18) is granted;

2. Plaintiff's June 3, 2011 amended complaint (Doc. No. 8) is dismissed;

3. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint"; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed; and

4. If any defendant named in plaintiff's amended complaint filed June 3, 2011, is named as a defendant in any second amended complaint plaintiff may elect to file, that defendant shall respond to the pleading within thirty days after it is filed and served.

DATED: February 21, 2012.

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.prose\davis1242.mtd.ord