IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD D. DAVIS, III,

      Plaintiff,                                No. CIV S-11-1242 KJM DAD PS

    vs.

FOLSOM CORDOVA UNIFIED             ORDER
SCHOOL DISTRICT, et al.,

      Defendants.

_____/

        Plaintiff has filed a motion for reconsideration of this court's order dismissing his amended complaint with leave to amend.

        In an order filed February 22, 2012, the undersigned dismissed plaintiff's amended complaint and granted him leave to file a second amended complaint with thirty days. (Doc. No. 32.) On March 22, 2012, plaintiff filed a motion for reconsideration of the court's February 22, 2012 order. (Doc. No. 33.) On March 23, 2012, plaintiff filed a second amended complaint. (Doc. No. 34.) On March 26, 2012, plaintiff filed a letter stating that because of his confusion regarding the applicable rules of procedure, he had expended considerable time drafting his motion for reconsideration instead of drafting his second amended complaint. (Doc. No. 36.) Accordingly, plaintiff requests that the court grant him additional time to file a second

1  amended complaint.  On April 9, 2012, defendants filed a motion to dismiss plaintiff's second
2  amended complaint and set the matter for hearing before the undersigned on May 18, 2012.[1]
3  (Doc. No. 41.)

4        Motions to reconsider are directed to the sound discretion of the court.  See Boone
5  v. United States, 743 F. Supp. 1367, 1371 (D. Haw. 1990), aff'd, 944 F.2d 1489 (9th Cir. 1991);
6  Frito-Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981).  In the
7  United States District Court for the Eastern District of California, a party seeking reconsideration
8  of a ruling on a motion must brief the "new or different facts or circumstances . . . which did not
9  exist or were not shown upon such prior motion, or what other grounds exist for the motion."
10 Local Rule 230(j).  This rule derives from the principle that decisions on legal issues made in a
11 case should be followed unless there is substantially different evidence or new controlling
12 authority, or the party demonstrates that the court's prior decision was clearly erroneous and has
13 resulted in injustice.  Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir.
14 1981); Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985).  A motion to reconsider is not a
15 vehicle by which an unsuccessful party is permitted to "rehash" arguments previously presented
16 or to present arguments that could have been raised previously.  See Costello v. United States,
17 765 F. Supp. 1003, 1009 (C.D. Cal. 1991); see also FDIC v. Meyer, 781 F.2d 1260, 1268 (7th
18 Cir. 1986); Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991).

19       Here, plaintiff's motion for reconsideration does not offer substantially different
20 evidence or new controlling authority.  Nor does the motion show that the court's decision was
21 clearly erroneous and resulted in injustice.  Instead, plaintiff's motion rehashes arguments
22 previously presented in his amended complaint and addressed in the court's February 22, 2012
23 order.  In this regard, plaintiff argues that he "made a plausible, cognizable claim" of differential

---

[1] On April 10, 2012, the court issued a minute order advising the parties that due to the court's unavailability defendants' motion to dismiss would not be heard on May 18, 2012.  (Doc. No. 42.)

treatment and "seeks two things from this court . . . [a]n answer/ruling on disparate treatment and an answer/ruling on whether the parents . . . are intentionally discriminated against" by the disparate treatment of their children. (Doc. No. 33 at 3.) These arguments advanced by plaintiff were addressed in the court's February 22, 2012 order.

Plaintiff's motion for reconsideration will therefore be denied. However, good cause appearing, the court will strike the second amended complaint filed by plaintiff on March 23, 2012, and plaintiff will be granted fourteen days to file a second amended complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's March 22, 2012 motion for reconsideration (Doc. No. 33) is denied;

2. Plaintiff's second amended complaint filed March 23, 2012 (Doc. No. 34) is stricken;

3. Plaintiff is granted fourteen days to file a second amended complaint; and

4. Defendants' April 9, 2012 motion to dismiss plaintiff's second amended complaint (Doc. No. 41), having been rendered moot by this order, is dropped from the court's May 18, 2012 calendar.[2]

DATED: April 10, 2012.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\davis1242.reconden.ord

---

[2] Defendants may, if appropriate, re-notice their motion to dismiss for hearing in the event plaintiff files a second amended complaint.